**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT JOHNSON, JR., an Individual; and DOES 1-10, Inclusive,<br><br>　　　　　Defendants. | Case No.: CV12-04190 DDP (JEMx)<br><br>**ORDER FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT SCOTT JOHNSON, JR., AN INDIVIDUAL**<br><br>Complaint Filed: May 14, 2012<br><br>Hon. Dean D. Pregerson |

　　The Court, in accordance with its Order of July 17, 2012 granting Plaintiff OTTER PRODUCTS, LLC's (hereinafter "Plaintiff") *ex parte* application for a temporary restraining order against Defendant SCOTT JOHNSON, JR. (hereinafter "Defendant") (Document #11) and its Civil Minutes of the Preliminary Injunction Hearing which took place on July 23, 2012, hereby ORDERS, ADJUDICATES and DECREES that a preliminary injunction shall be and hereby is entered against Defendant in the above-referenced matter as follows:

　　**1.　　PRELIMINARY INJUNCTION.** Defendant and his agents, employees, officers, directors, owners, attorneys, representatives, successor

companies, related companies, and all persona acting in concert or participation with him, and each of them, be preliminarily restrained from:

    a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit OTTERBOX® product identified in the Complaint and any other unauthorized OTTERBOX® product, or products bearing Plaintiff's Trademarks (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

    b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the Complaint and any other product which infringes or dilutes any Plaintiff's Trademark, trade name and/or trade dress including, but not limited to, any of Plaintiff's Trademarks at issue in this action.

    c. The unauthorized use, in any manner whatsoever, of any Plaintiff's trademark, trade name and/or trade dress including, but not limited to, the Plaintiff's Trademarks at issue in this action, any variants, colorable imitations, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

        i. on or in conjunction with any product or service; and

        ii. on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d. The use of any trademark, trade name, or trade dress that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered,

1  sold, transferred, brokered, consigned, distributed, stored, shipped, marketed,
2  advertised and/or promoted by Defendant originates from Plaintiff, or that said
3  merchandise has been sponsored, approved, licensed by, or associated with
4  Plaintiff or is, in some way, connected or affiliated with Plaintiff.

5        e.    Engaging in any conduct that falsely represents that, or is likely
6  to confuse, mislead, or deceive purchasers, customers, or members of the public to
7  believe that Defendant itself is connected with, or is in some way sponsored by or
8  affiliated with Plaintiff, purchases product from or otherwise has a business
9  relationship with Plaintiff.

10        f.    Affixing, applying, annexing, or using in connection with the
11  manufacture, distribution, advertising, sale, and/or offering for sale or other use of
12  any goods, a false description or representation, including words or symbols,
13  tending to falsely describe or represent such goods as being those of Plaintiff.

14        g.    Hiding, disposing of, destroying, moving, relocating or
15  transferring any and all products, advertising, promotional materials, labels,
16  hangtags, packaging or containers bearing any of Plaintiff's Trademarks; and/or

17        h.    Disposing of, destroying, moving, relocating or transferring any
18  documents or things, including electronic records, pertaining to the purchase,
19  procurement, development, making, manufacture, use, display, advertisement,
20  marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any
21  products or services bearing any Plaintiff's Trademarks or which otherwise refer or
22  relate to Plaintiff or any of Plaintiff's Trademarks.

23      2.    Defendant is ordered to deliver immediately for destruction all
24  unauthorized products, including counterfeit OTTERBOX® products and related
25  products, labels, signs, prints, packages, wrappers, receptacles and advertisements
26  relating thereto in his possession or under his control bearing any of Plaintiff's
27  intellectual property or any simulation, reproduction, counterfeit, copy or colorable
28  imitations thereof, and all plates, molds, heat transfers, screens, matrices and other

1  means of making the same, to the extent that any of these items are in Defendant's
2  possession.
3       3.   This Preliminary Injunction shall be deemed to have been served upon
4  Defendant at the time of its execution by the Court.
5       4.   The Court finds there is no just reason for delay in entering this
6  Preliminary Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil*
7  *Procedure,* the Court directs immediate entry of this Preliminary Injunction against
8  Defendant.
9       IT IS SO ORDERED, ADJUDICATED AND DECREED.

12  DATED: July 27, 2012

                                    Hon. Dean D. Pregerson
                                    United States District Judge